FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -1  PM 4: 36

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC LARA, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0047** |
| **LOUISIANA DEPT. OF CORRECTIONS, SECRETARY, RICHARD L. STALDER, ET AL.** | **SECTION "D" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Eric Lara, Sr., a state inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Richard L. Stalder, Warden James D. Miller, Warden Robert C. Tanner, Warden Kathy McGinnis, Peter D. Mora, III, Medical Department-WCI Infirmary, Dr. Jerry Thomas, Bessie Carter, Mrs. Pitman, Nurse Josh, Lieutenant Ronnie Seal, Lieutenant Colonel Dunaway, Major Jerry P. Miller, Major Larry Grow, Captain Anderson, Master Sergeant Douglas Brandon, Sergeant Micah McMurray, and Elizabeth Olivera. In this lawsuit, plaintiff claims that the defendants conspired to deny him constitutionally adequate medical care for his back, spinal cord, wrist, and right leg.

Plaintiff filed this lawsuit *in forma pauperis*.[1] An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which

---

[1] Rec. Docs. 2 and 3.



relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted).

The instant lawsuit is an exact duplicate of a lawsuit plaintiff filed in the Western District of Louisiana, where it was assigned docket number 05cv1401. That lawsuit was subsequently transferred to this district, where it was assigned Civil Action No. 05-6860 "K"(1) and is currently pending.[2]

Repetitious litigation should be dismissed as malicious when the plaintiff is asserting virtually identical causes of action as were asserted by him in a pending or previous lawsuit. Bailey, 846 F.2d at 1021. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993). The instant complaint should be dismissed as malicious, in that plaintiff's claims will be considered by this Court in Civil Action No. 05-6860 "K"(1).

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this first day of February, 2006.

```
_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE
```